UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AAA RECOVERY & TOWING, LLC,  )<br>)<br>Defendant.  ) | No.: 3:15-cv-00211<br>REEVES/GUYTON |

## MEMORANDUM OPINION

This is an action for trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act and Tennessee common law. Because defendants have failed to respond or otherwise defend this action, plaintiff is granted a default judgment to include a permanent injunction.

## Background

Plaintiff filed its complaint on May 19, 2015 [R. 1]. Defendants were served with the Summons and Complaint on May 21, 2015 [R. 4, 5], but have not filed an appearance or filed a responsible pleading. The Clerk entered default against defendants on July 6, 2015 [R. 7]. Plaintiff now moves the court for default judgment against defendants in the form of a permanent injunction [R. 9].

## Analysis

The record shows plaintiff has owned the "AAA" trademarks for decades and has used the AAA Marks to identify and distinguish itself and its automobile club services. Plaintiff enjoys goodwill and name recognition as a result of its use of the AAA Marks, as well as its advertising and promotion of the AAA Marks.

Defendants have used the AAA Marks in commerce without plaintiff's permission or authorization. Specifically, defendants have displayed the AAA Marks on their business name, advertising, social media presence, signage, directory listings, licenses, and elsewhere.

In late 2014, plaintiff became aware of defendants' unauthorized use of the AAA Marks. Plaintiff demanded that defendants immediately and permanently cease and desist all use of the AAA Marks and repeatedly notified defendants that unauthorized use of the AAA Marks constitutes actionable trademark infringement and unfair competition. Plaintiff avers defendants' use of the AAA Marks is likely to confuse and mislead consumers into believing defendants' services are approved or endorsed by plaintiff.

A party seeking judgment by default must show the court: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military service such that the Soldiers' and Sailors' Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). *Disney Enterprises. v. Farmer*, 427 F. Supp.2d 807, 815 (E.D.Tenn. 2006).

Plaintiff has satisfied the requirements for default judgment. First, the Clerk entered default against defendants on July 6, 2015. Second, plaintiff has submitted the affidavit of its counsel Richard W. Smith, who states that he has communicated with counsel for defendant Collins and he has no reason to believe that Collins is an infant or incompetent person, or that Collins is in military service. Finally, because defendants have never entered an appearance in this action, the notice requirement of Rule 55(b)(2) does not apply. Moreover, as a result of the default, the factual allegations of the complaint relating to liability are taken as true. *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, 2009 WL 1362067 at *4 (E.D.Tenn. May 13, 2009).

The record further shows defendants are likely to continue to use the AAA Marks without authorization from plaintiff, and consumers, potential customers, and members of the general public are likely to be confused as to whether defendants are authorized, sponsored, provided, or endorsed by, or affiliated with plaintiff. Accordingly, the court finds that a default judgment should enter against defendants.

## **Injunction**

Plaintiff disclaims the right to damages and seeks only a permanent injunction against defendants. A court may grant an injunction to prevent the infringement of a trademark under the Lanham Act. *See* 15 U.S.C. § 1116. A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury; there is no adequate remedy at law; considering the balance of hardships between the parties, a remedy in equity is warranted; and that it is in the public's interest to issue the injunction. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006).

In this case, the court finds plaintiff is entitled to the issuance of an injunction. Plaintiff has asserted facts in its Complaint sufficient to show that defendants' unlawful continued use of the AAA Marks is causing and will continue to cause irreparable harm and that there is no adequate remedy at law. Thus, a remedy in equity is warranted and the issuance of a permanent injunction is in the public's interest. The court further finds that a permanent injunction would cause no harm to defendants, as it would merely require them to comply with federal law. Without a permanent injunction, plaintiff faces hardship from consumer confusion and loss of reputation. Finally, the court finds that issuing an injunction enjoining defendants from using plaintiff's AAA Marks would advance the purposes of trademark law – preventing consumer confusion and deception in the marketplace and protecting plaintiff's property interests in the AAA Marks. Accordingly, the court finds that judgment should be granted to plaintiff as follows:

1. The motion for default judgment [R. 9] is **GRANTED.**

2. Defendants AAA Recovery & Towing LLC and Rick Collins are adjudged to have violated the Lanham Act, 15 U.S.C. §§ 1114(1)-(2), 1125(a).

3. A **PERMANENT INJUNCTION** shall issue, as follows:

   a. Defendants AAA Recovery & Towing LLC and Rick Collins are enjoined and restrained from all use of the AAA Marks, or of any combinations of the letters "A", in any form or manner that resembles, suggests, or intimates that defendants are approved or endorsed by, or otherwise affiliated with plaintiff American Automobile Association (AAA).

b. Defendants AAA Recovery & Towing LLC and Rick Collins shall destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationary, and other items in their possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and shall destroy any and all means in their possession or control for making any infringing items.

c. Defendants AAA Recovery & Towing LLC and Rick Collins shall delete or remove from publication any advertisements paid for or used by them containing any of the AAA Marks and any other name, mark, or logo confusingly similar to the AAA Marks.

d. Defendants AAA Recovery & Towing LLC and Rick Collins shall permanently delete and destroy all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**